That, for present purposes, was the station at Montauk, and not the site of the encampment, two miles away. It was provided, too, in another condition, upon the back, that:

"The carriage of said merchandise shall be complete, and freight charges earned, when it has been held a reasonable time, without notice (say, twelve working hours), subject to the owner's order, at the station or place where it is agreed to be delivered; and, if not then received by the person or party entitled to receive the same, it may be removed, and stored or kept in the car * * * of the carrier, or otherwise, at the sole risk and further expense of such person or party, without notice."

This special agreement takes the present case out of the rule laid down in McKinney v. Jewett, 90 N. Y. 267, 270, upon which the plaintiff relies, and wherein it was held that, in the absence of special contract or proven custom, the stringent liability of a common carrier obtains until after actual delivery of the goods, or, tantamount to delivery, until notice shall be given to the consignee, and the expiration of a reasonable time for removal of the goods. As the defendant proved that it had a freight agent and office in the building in which was also its passenger station at Montauk, the end of its line quoad hoc, the learned justice erred in holding, as he did, that, as the contract called for delivery of the freight at the station of the company, and the goods remained for several weeks aboard the cars, and were never delivered at any station at all, the consignee could not be expected to go around and inquire for his goods, and thereupon gave judgment for the plaintiff. It was also error on the part of the learned justice to exclude the evidence proffered as to the custom of the defendant and of other railroad companies respecting the difference between freight and express matter. For these errors, the judgment should be reversed.

---

(30 Misc. Rep. 433.)

### DONOHO v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. February 8, 1900.)

1. STREET RAILROADS—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE—INTOXICATION—EVIDENCE.

In an action for injuries received by plaintiff's being thrown from the platform of a crowded street car, defendant is entitled to show that plaintiff was intoxicated at the time of the accident, that the jury may consider whether plaintiff's condition contributed to the injury.

2. SAME—NONEXPERTS.

Where defendant claimed that plaintiff's injuries resulted from his intoxicated condition when he fell from a street car, it was proper to ask nonexpert witnesses whether they would characterize plaintiff's acts at the time of the accident as those of a man under the influence of intoxicating liquor or those of a sober man.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Michael F. Donoho against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.
John Henry Hull, for respondent.

FREEDMAN, P. J. The plaintiff in this action claims to have been injured by being thrown from a crowded car, belonging to the defendant, while standing upon the rear platform. Upon the trial the defendant attempted to show that at the time the accident is alleged to have occurred the plaintiff was in a state of intoxication. For that purpose it called several witnesses, who were present and saw the plaintiff, and who were asked whether they would characterize the acts of the plaintiff at the time of the accident as the acts of a man under the influence of intoxicating liquor or as those of a sober man. These several questions were excluded by the trial judge, under objections taken thereto by the plaintiff's counsel upon the ground that such witnesses were not shown to be experts, and to such exclusion the defendant's counsel duly excepted. The rejection of such testimony was clearly error. Had it been shown that the plaintiff was intoxicated at the time he received the injuries he complained of, whether such intoxication contributed to the accident or not would have been a question of fact for the jury to determine, and the defendant had a right to show, if it was possible to do so, that such was his condition. Neither does it require the testimony of an expert to give an opinion upon that question. The evidence of a witness in characterizing the action of a person as that of an intoxicated person is admissible. People v. Grant (Sup.) 13 N. Y. Supp. 676; People v. Eastwood, 14 N. Y. 562. The judgment must therefore be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

MacLEAN, J., concurs. LEVENTRITT, J., takes no part.