(38 Misc. Rep. 770.)

## MARSHALL v. RILEY et al.

(Supreme Court, Appellate Term. May, 1902.)

1. EVIDENCE—CONCLUSIONS—DRUNKENNESS.
   Testimony by a witness of occurrence as to the drunken condition of one of the parties thereto does not call for a conclusion requiring the witness to qualify.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Alonzo Marshall against James G. Riley and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and GILDERSLEEVE, JJ.

F. L. Taylor, for appellants.
F. W. Fielding, for respondent.

FREEDMAN, P. J. At the trial the defendants endeavored to show by the testimony of two witnesses who had witnessed and described plaintiff's condition that at the time the plaintiff was ordered to leave the lighter as claimed by him, and at the time he voluntarily left defendants' employ, as claimed by defendants, he was drunk. It

¶ 1. See Evidence, vol. 20, Cent. Dig. § 2244.

seems that all testimony upon this point was excluded upon the ground
that it called for a conclusion, and that the witnesses should have been
qualified. This was error within the rule as laid down in People v.
Eastwood, 14 N. Y. 562; People v. Gaynor, 33 App. Div. 98, 53
N. Y. Supp. 86; Donoho v. Railroad Co., 30 Misc. Rep. 433, 62 N.
Y. Supp. 523. The judgment must be reversed, and a new trial or-
dered, with costs to appellants to abide the event.

Judgment reversed, and new trial ordered, with costs to appellants,
to abide event. All concur.